UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00189-JGH

KEITH M. FOSTER                                                                                       PLAINTIFF

V.

SLM FINANCIAL CORPORATION d/b/a                                                   DEFENDANTS
SALLIE MAE BANK UT, et al.

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Keith M. Foster, brought this action for declaratory judgment against Defendants, SLM Financial Corporation d/b/a Sallie Mae Bank UT ("Sallie Mae") and Galen Health Institutes, Inc. d/b/a Galen College of Nursing ("Galen"). The matter is now before the Court on Sallie Mae's motion to transfer for the convenience of the parties and witnesses. After a conference to discuss the issues and for the following reasons, the Court will deny the motion.

**I.**

On March 14, 2012, Plaintiff initiated this litigation in the Jefferson Circuit Court, alleging that his signatures were forged as co-signor and guarantor of three student loans for his stepmother, Shannon Foster. He seeks a declaratory judgment finding that he bears no responsibility for those loans.

Prior to this lawsuit, on June 16, 2009, Donald Foster, Plaintiff's father, and Shannon Foster ("the Fosters") filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On October 11, 2009, the Fosters confirmed a Chapter 13 rehabilitation plan, which stated that the student loans at issue would be paid by Plaintiff outside of bankruptcy. The Fosters have not received a discharge as their bankruptcy is still pending in the Bankruptcy Court for the Southern District of Indiana.

On April 9, 2012, Defendants removed this case to federal court, and now Sallie Mae has requested a transfer to the Southern District of Indiana for the convenience of the parties and witnesses pursuant to 28 U.S.C. § 1404(a).  Sallie Mae fears that the outcome of this case in combination with the Fosters' bankruptcy will leave it with no responsible party from which to collect the student loans.  The second defendant, Galen, has not opposed this motion to transfer.

## II.

The Court "may transfer any civil action to any other district or division where it might have been brought" if that transfer would further "the convenience of parties and witnesses" and "the interest of justice."  28 U.S.C. § 1404(a).  Therefore, Sallie Mae's motion necessitates a two-part inquiry.  *Rutherford v. Goodyear Tire and Rubber Co.*, 943 F. Supp. 789, 791 (W.D. Ky. 1996).  First, the Court must determine whether the present action "might have been brought" in the Southern District of Indiana.  *Id.*  Second, the Court must find that the change of venue would facilitate the "convenience of parties and witnesses" and advance the "interest of justice."  *Id.*

Sallie Mae argues that the Southern District of Indiana would provide a proper venue as substantial events or omissions giving rise to the claim occurred there.  *See* 28 U.S.C. § 1391(b)(2). Sallie Mae asserts that the alleged forgery of Plaintiff's signatures took place in that judicial district.  Although Sallie Mae points to no evidence in support of that assertion, the Court will assume that the first part of the inquiry is satisfied because the second part will thoroughly dispose of the motion.

Under the second part of the inquiry, Sallie must demonstrate that the balance of convenience weighs strongly in its favor before Plaintiff's choice of forum will be disturbed.

*D.C. Micro Dev., Inc. v. Lange*, 246 F. Supp. 2d 705, 713 (W.D. Ky. 2003). This burden requires Sallie Mae to present strong evidence that the circumstances warrant a change of venue. *Rutherford*, 943 F. Supp. at 791. The Court will look to the following factors in making its decision:

> (1) the convenience of witnesses; (2) the location of the relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Long John Silver's, Inc. v. Nickleson*, No. 3:11-CV-93-H, 2011 WL 5025347, at *4 (W.D. Ky. Oct. 21, 2011); *see also D.C. Micro*, 246 F. Supp. 2d at 713.

Here, Sallie Mae argues that a failure on the part of this Court to transfer could result in conflicting decisions regarding liability under the loans, leaving Sallie Mae with no way to regain its money. For example, Plaintiff might absolve himself of any loan obligations by proving forgery in this case, while Shannon Foster might be insulated from Sallie Mae's collection efforts by the bankruptcy discharge.

However, Sallie Mae's concerns are not grounded in legal reality. Debts incurred from student loans may only be discharged in bankruptcy if repayment "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8); *In re Oyler*, 397 F.3d 382, 385 (6th Cir. 2005). In fact, Sallie Mae's counsel agreed that Shannon Foster's student loans could not be discharged under the "undue hardship" test during this case's last status conference. As a co-signor, Shannon Foster is individually obligated to repay the student loans in their entirety. Should Plaintiff disprove his liability for the loan debt, Sallie Mae

remains secure in its ability to collect from Shannon Foster.  Thus, Sallie Mae's collection concerns do not affect the change of venue analysis.

Also, the burdens of travel and expense do not subvert the convenience of the parties and witnesses as the current venue lies only six miles from Sallie Mae's preferred venue in the Southern District of Indiana.  The relevant documents and sources of proof should be equally accessible.

Finally, Sallie Mae raised a legitimate concern as to whether the Fosters would be amenable to process in Kentucky.  Even so, that lone factor in favor of transfer cannot outweigh Plaintiff's right to have his claims adjudicated in a valid forum of his choosing.  Therefore, the Court concludes that Sallie Mae has failed to demonstrate the superior convenience of the Southern District of Indiana.

For the reasons stated in its Memorandum Opinion and being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that Sallie Mae's motion to transfer is **DENIED.**

Date: August 7, 2012

cc:     Counsel of Record